162 Cal.App.3d 13 (1984)
209 Cal. Rptr. 314
THE PEOPLE, Plaintiff and Respondent,
v.
KELTON RAY PRITCHARD, Defendant and Appellant.
Docket No. 21591.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
October 25, 1984.
*14 COUNSEL
John A. Slawson for Defendant and Appellant.
Robert H. Philibosian, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.
OPINION
BERNSTEIN, J.
Defendant appeals his conviction by a jury of a violation of Vehicle Code section 23152, subdivision (b) (driving with a blood-alcohol *15 level of 0.10 percent or more). He was acquitted of driving while under the influence (Veh. Code, § 23152, subd. (a)). On appeal he contends that the evidence presented was insufficient to support the conviction.
At the trial the People's expert testified that the results of an intoxilyzer test administered to appellant were 0.11 percent and 0.12 percent. He further testified that the machine had an error factor of .005. However, in order to convert the breath reading to that of a blood-alcohol reading for purposes of Vehicle Code section 23152, subdivision (b) a partition ratio must be used. The expert testified that there could be an error factor of 10 percent in the partition ratio used. Appellant contends that if this 10 percent error margin in the partition ratio is applied to the 0.11 percent machine reading, the result would be less than 0.10 percent; therefore, pursuant to People v. Campos (1982) 138 Cal. App.3d Supp. 1 [188 Cal. Rptr. 366], there was insufficient evidence presented to establish that he was driving with a blood-alcohol level of 0.10 percent or more.
(1) In order to support a conviction of a violation of Vehicle Code section 23152, subdivision (b), "the People ... must prove beyond a reasonable doubt that at the time he was driving [the defendant's] blood alcohol exceeded 0.10 percent." (Burg v. Municipal Court (1983) 35 Cal.3d 257, 265 [198 Cal. Rptr. 145, 673 P.2d 732].) Generally this will have to be established by circumstantial evidence. (Id., at 266, fn. 10.) Therefore in order to sustain such a conviction, the People must present sufficient evidence from which it could reasonably be deduced that the defendant's blood-alcohol level was 0.10 percent or more (see People v. Reilly (1970) 3 Cal.3d 421, 424-425 [90 Cal. Rptr. 417, 475 P.2d 649]; see also People v. Campos, supra, 138 Cal. App.3d Supp. 1). The question presented is whether such sufficient evidence was presented in the instant case. We hold that it was.
(2) There was evidence presented that the breath test results for appellant were 0.11 percent and 0.12 percent; that the margin of machine error was .005, which when applied to the aforementioned 0.11 percent and 0.12 percent machine readings as required by People v. Campos, supra, still produces a test result of 0.10 percent or more.[1]
However, in addition to the possibility of machine error, there is also the possibility of variation in the partition ratio as applied to the individual defendant. A breath test was given appellant. In order to convert the breath reading to that of a blood-alcohol reading for purposes of Vehicle Code *16 section 23152, subdivision (b), a partition ratio must be used. A blood-breath ratio of 2,100 to 1 was used as mandated by title 17 of the California Administrative Code (Cal. Admin. Code, tit. 17, § 1220.4, subd. (f)). This is called the partition coefficient or partition ratio. However, there can be an error factor of 10 percent in the partition ratio of 2,100 to 1. (At the trial the expert testified that 95 percent of the population falls within this 2,100 to 1 plus or minus 10 percent range.) The issue we are confronted with is whether, absent any evidence as to the defendant's actual partition ratio, this 10 percent error margin is also to be considered in determining whether the machine results establish that the defendant's blood-alcohol level was 0.10 percent or more.
The People can readily ascertain the individual machine's margin of error, for the machine is in their possession. However, the individual partition ratio is an individual physical characteristic of the defendant, and presumably can only be obtained through means of physical tests upon him. The defendant is in control of this information or at least of access to it.[2] With the foregoing in mind, the question becomes who should bear the burden of proof in establishing the partition ratio of the individual defendant, the People or the defendant?
We note that in response to the dangers posed to the public by the drunk driver, the Legislature has enacted certain presumptions in order to facilitate prosecution of these offenders. (Burg v. Municipal Court, supra, at p. 264.) Indeed, it is statutorily presumed that a person driving with a blood-alcohol level of 0.10 percent or more is a danger to the public (Veh. Code, § 23152, subd. (b)). In addition there are operative rebuttable presumptions, i.e., if a test given within three hours after the driving shows a blood-alcohol level of 0.10 percent or more, then the blood-alcohol level at the time of driving was 0.10 percent or more (Veh. Code, § 23152, subd. (b)).
In order to deal with the situation where an exonerating fact is peculiarly within the defendant's knowledge, and proof of its nonexistence by the prosecution would be relatively difficult or inconvenient, the courts have established "the rule of convenience" whereby the initial burden of producing evidence on the issue is placed on the defendant. (People v. Montalvo (1971) 4 Cal.3d 328, 334 [93 Cal. Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518]; People v. Yoshimura (1979) 91 Cal. App.3d 609, 626-629 [154 Cal. Rptr. 314]; People v. Boo Doo Hong (1898) 122 Cal. 606 [55 P. 402].)
*17 We hold the circumstances herein call for application of the rule of convenience. It was appellant's obligation to present evidence that his partition ratio deviated from the norm.
Further, application of the rule of convenience to the partition ratio comports with this legislative scheme to facilitate the prosecution of drunk drivers. Application of the rule in this situation is not unduly burdensome to the defendant as he has the option of electing to eliminate this potential problem by taking the blood test, when it is offered pursuant to Vehicle Code section 13353.
We hold that the rule of convenience applies as to the partition ratio, and by its operation the defendant is in effect presumed to have a 2,100 to 1 partition ratio unless he presents evidence as to his personal partition ratio which establishes that the 2,100 to 1 ratio is not valid for him. General evidence of such a possibility of error in the partition ratio will not suffice to rebut this presumption. As no such evidence was presented in the case at bench, the presumption was not rebutted; the general evidence of a possible 10 percent margin of error in the partition ratio was without consequence for the defense. We hold there was sufficient evidence presented to support the conviction. (See People v. Johnson (1980) 26 Cal.3d 557, 562 [162 Cal. Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)
The judgment is affirmed.
Reese, P.J., and Shabo, J., concurred.
NOTES
[1] In People v. Campos this court held that in determining whether sufficient evidence had been presented to establish that the defendant had a blood-alcohol level of 0.10 percent or more, the machine's margin of error had to be considered.
[2] He also can eliminate this potential source of error by electing to take as one of the tests required by Vehicle Code section 13353, a blood test, for which conversion is not needed, and therefore a partition ratio is not applicable.