[Civ. No. 7811. First Appellate District, Division One.—September 4, 1931.]

MARY LUSARDI, Respondent, v. JOHN PRUKOP, Appellant.

CLIFFORD NOLES, Respondent, v. JOHN PRUKOP, Appellant.

Edmund J. Holl for Appellant.

J. E. McCurdy for Respondents.

WARD, J., *pro tem.*—These are actions for personal injuries consolidated for trial wherein judgments were entered for each plaintiff. The cases have likewise by stipulation been consolidated on appeal.

Defendant Prukop filed a cross-complaint against the plaintiff Noles wherein he claimed damages. During the trial plaintiffs deemed it material to establish the particular hospital to which defendant had been taken after the accident. Accordingly witness Monahan, the storekeeper of the Central Emergency Hospital in San Francisco, who had charge of the records of all emergency hospitals in San Francisco, "when the books are filled up" was called as a witness. He testified that the records were correct but it was clearly demonstrated that Monahan had reference simply to the fact that it was a record containing the names of patients. There was no testimony that the entries were made under the witness' direction or supervision or that he recognized the handwriting or even knew the party or parties who had made the various entries. The evidence does not disclose whether these entries were made by any person in the performance of a duty enjoined by law (see sec. 1920, Code Civ. Proc.) or under the direction or in the presence of an officer of any board authorized to make such entries (see sec. 1926, Code Civ. Proc.). Respondent contends that the only purpose of the introduction of this evidence was to determine if Prukop had been admitted to the Mission Emergency Hospital. Without laying the proper foundation this evidence was admitted. Up to this point defendant was not prejudiced though the objection to the introduction of the record and the testimony of the witness

Monahan should have been sustained. Plaintiff's attorney pressed the matter further after eliciting the residence of the defendant, the time of his arrival, etc., by asking the following question: "What do you find in that book of the record that is made there of the condition of John Prukop when he was brought into the hospital." This question brought forth an objection that "no foundation has been laid and that it is hearsay evidence" to which the court agreed. Later, the following appears in the transcript: "Q. The condition of the patient. A. The condition of the patient in the book is 'alcoholic breath'." Counsel for defendant moved to strike out the answer, assigned the asking of the question as misconduct, and requested the court to instruct the jury to disregard the testimony. Further on the witness repeated "Condition of patient. Alcoholic breath." Again counsel for defendant repeated his objection motion, etc., and the court commented as follows: "As far as it goes, the testimony does not hurt you, as far as it goes now."

Respondent contends that if it was error to admit this evidence it was cured by the statement of the court. The court is not permitted to comment upon the weight of the evidence. Respondent further contends that the witness did not testify that the defendant had an alcoholic breath but that the record book stated that defendant had an alcoholic breath; that it was not hearsay evidence from the witness but a fact from the record. The answer to this contention is that the record was hearsay. When evidence of a descriptive physical condition borders upon opinion evidence cross-examination should be permitted. The defendant in this case was precluded from interrogating the person who wrote in the hospital record the fact or opinion that the defendant had an alcoholic breath.

The statement that Prukop had an alcoholic breath would immediately give rise to a conclusion that there was some lack of sobriety or that he was intoxicated. Such evidence has a tendency to raise a prejudice against the driver of an automobile and this is particularly true of a case wherein the defendant filed a cross-complaint alleging negligence on the part of plaintiff and cross-defendant. Section 1845 of the Code of Civil Procedure provides as follows: "A witness can testify of those facts only which he knows of his own knowledge; that is, which are derived from his own percep-

tions, except in those few express cases in which his opinions or inferences, or the declarations of others, are admissible." In the case of *Stevens* v. *San Francisco & N. P. R. Co.*, 100 Cal. 554 [35 Pac. 165, 169], the court said, at page 570: "Intemperance, sobriety, and drunkenness are facts to be proven like other facts. The proffered evidence was hearsay, concerning which Greenleaf on Evidence, volume 1, section 99, says: 'Hearsay evidence, as thus described, is uniformly held incompetent to establish any specific fact which in its nature is susceptible of being proved by witnesses, who can speak from their own knowledge.'" ▮ The hearsay rule is applicable to written instruments as well as to oral statements (10 Cal. Jur., p. 1039). Testimony based upon memoranda made by others when the witness has no knowledge of the facts except from such memoranda is hearsay evidence (see *Barlow* v. *Frink,* 171 Cal., at p. 172 [152 Pac. 290].) The verdict of a coroner's inquisition is inadmissible. (*Estate of Dolbeer,* 149 Cal., at p. 246 [9 Ann. Cas. 795, 86 Pac. 695]; *Hollister* v. *Cordero,* 76 Cal. 649 [18 Pac. 855]; *Rowe* v. *Such,* 134 Cal. 576 [66 Pac. 862, 67 Pac. 760]; *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 3 [210 Pac. 269].) The report of a grand jury of a county is hearsay. (*Oppenheimer* v. *Clunie,* 142 Cal. 313 [75 Pac. 899].)

The evidence was conflicting as to the exact spot that the impact occurred. Just prior to the impact plaintiff was driving on the south-bound car track; defendant on the north-bound street-car tracks. Needless to say, if they had continued on their respective way this accident would not have occurred. Each side contended that the other driver had swerved over to the wrong side of the street. Under such circumstances a jury is very likely to decide against a driver with an alcoholic breath. There was considerable conflicting evidence relative to the proximate cause of this accident. A different verdict could have been and might have been reached if this prejudicial evidence was absent. This is not a case wherein we can apply the provision of section $4\frac{1}{2}$ of article VI of the Constitution. The evidence was inadmissible as presented; it was prejudicial to the rights of the defendant and precluded him from having a fair and impartial determination of his case.

▮ The plaintiff, Mary Lusardi, was a passenger in the car driven by plaintiff Noles. The main issue in her case was

whether or not Prukop was negligent. If the jury had returned a verdict in favor of Prukop against Noles they could not have reached a verdict in favor of Lusardi against Prukop. The conclusion reached upon this point eliminates the necessity of considering other assignments of error. The judgments are reversed and the causes remanded for new trials.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 3, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1931.