[Crim. No. 14978. In Bank. Mar. 19, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD REYES MONTALVO, Defendant and Appellant.

## COUNSEL

Joseph V. Mazziotta, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and William R. Pounders, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—In this case we decide whether a conviction of furnishing a narcotic to a minor by an adult (Health & Saf. Code, § 11502) may stand when the information failed to allege that defendant was over the age of 21 years and when the jury was in no way instructed that it must determine as an element of the offense that defendant was an adult before finding him guilty of the said offense. We have concluded that such a judgment of conviction must be reversed.

Defendant was charged by information "of a felony, to wit: FURNISHING A NARCOTIC TO A MINOR, TO WIT, HEROIN (H&S 11502) in that on or about the 9th day of July, 1968, in the County of San Bernardino, State of California, he did unlawfully furnish a narcotic, to wit, heroin, to Mary [V.], a minor." A jury found him guilty as charged, and he appeals from the judgment of conviction entered on the verdict.

Two witnesses testified at the trial. Mary testified that she and de-

fendant had been dating for about two years. They first met when she was 14 years old, and at the time of the incident in question she was 16. She had had a child by defendant in March 1968. In April 1968, defendant began administering injections to Mary; he told her they were heroin. She received about 15 such injections before the one for which defendant was arrested and charged in this case. Defendant often carried a brownish powder which he mixed with water in a spoon and then boiled with a match. Injection was by a needle or eyedropper. Mary stated that she never injected herself but that defendant did so on each of the 15 occasions.

On the evening of July 9, 1968, defendant and Mary were in the yard of a house which was next door to Mary's home. Mary asked for "a shot," and defendant prepared and administered it to her. Mary's mother saw her immediately thereafter and told her to go home. Mary, feeling weak and ill, ran home where she vomited. Her mother and sister, seeing her condition, called the police. When the police officers arrived, Mary told them she had received an injection of heroin. She was then taken to the Ontario police station.

Officer Alwin of the Ontario Police Department qualified as an expert on drugs and testified to his experience in identifying persons using various narcotics. Shortly after Mary's arrival at the police station, Officer Alwin examined her arm and saw needle marks. He tested her pupils for reaction to light and darkness by aid of a pupillometer and noted that they did not react. During the examination Mary again became ill and vomited. She appeared somewhat lethargic, unresponsive, and overly relaxed, and her general demeanor was euphoric. From all of this information Officer Alwin concluded that Mary was then under the influence of heroin.

The foregoing evidence is sufficient to support the jury's implied finding that the substance administered to Mary was heroin. (*People* v. *Winston* (1956) 46 Cal.2d 151, 156-157 [293 P.2d 40]; *People* v. *Clemmons* (1962) 208 Cal.App.2d 696, 700-701 [25 Cal.Rptr. 467]; *People* v. *Medina* (1961) 198 Cal.App.2d 224, 231 [17 Cal.Rptr. 722]; *People* v. *Drake* (1957) 151 Cal.App.2d 28, 44 [310 P.2d 997]; *People* v. *Canadalaria* (1953) 121 Cal. App.2d 686, 690 [264 P.2d 71].) Moreover, since a minor is not an accomplice to the crime of supplying a narcotic to such a minor (*People* v. *Poindexter* (1958) 51 Cal.2d 142, 149-150 [330 P.2d 763]; *People* v. *De Paula* (1954) 43 Cal.2d 643, 647 [276 P.2d 600]; *People* v. *Chrisman* (1967) 256 Cal.App.2d 425, 435 [64 Cal.Rptr. 733]; *People* v. *Medina, supra,* 198 Cal.App.2d at pp. 230-231), Mary's testimony was sufficient to support the jury's verdict that defendant was the person who administered the heroin to her. ■ Admission of evidence of prior injections of heroin was proper. ■ Although evidence of prior offenses may not be introduced

solely to prove criminal disposition or propensity such evidence may properly be admitted whenever it tends logically, naturally, and by reasonable inference to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. (*People* v. *Haston* (1968) 69 Cal.2d 233, 244 [70 Cal.Rptr. 419, 444 P.2d 91]; *People* v. *Kelley* (1967) 66 Cal.2d 232, 238-239 [57 Cal.Rptr. 363, 424 P.2d 947]; *People* v. *Peete* (1946) 28 Cal.2d 306, 314-315 [169 P.2d 924].) ▆▆ In this case the evidence of prior injections of a substance that defendant told Mary was heroin, which substance caused certain sensations in her, would tend to establish that the substance administered on the present occasion, producing similar sensations, was also heroin.

▆▆ By its express terms, section 11502 of the Health and Safety Code applies only to persons of the age of 21 or over,[1] and the crucial question in this case is whether the judgment can stand when the entire record is barren of any evidence or even mention of defendant's age, and the question of his age was in no way presented to or passed upon by the jury.[2] We hold that the judgment cannot stand.

Apparently on the theory that minority is a defense that need not be presented to the jury in the absence of some evidence to support it, the

---

[1]Health and Safety Code section 11502 provides: "Every person of the age of 21 years or over who in any voluntary manner solicits, induces, encourages, or intimidates any minor with the intent that said minor shall knowingly violate, with respect to a narcotic other than marijuana, any provision of this chapter . . . or who unlawfully sells, furnishes, administers, [or] gives . . . any narcotic other than marijuana to a minor shall be punished by imprisonment in the state prison. . . ." The acts proscribed by section 11502 are made criminal when committed by a person under the age of 21 by Health and Safety Code section 11502.1, which provides:
"Every person under the age of 21 years who in any voluntary manner solicits, induces, encourages, or intimidates any minor with the intent that said minor shall knowingly violate any provision of this chapter . . . or who unlawfully sells, furnishes, administers [or] gives . . . any narcotic other than marijuana to a minor shall be punished by imprisonment in the state prison. . . ." Section 11502.1 provides for substantially lesser penalties than does section 11502. (Sections 11502 and 11502.1 were redrafted in 1970, Statutes 1970, chapter 1098, sections 4, 5. Those redrafts have no effect upon the issues presented in this case.)

[2]The court instructed, with regard to the substantive offense, in pertinent part as follows: "[t]he defendant is charged with unlawfully furnishing a narcotic, to wit, heroin, to Mary [V.], a minor"; that "Section 11502 of the Health and Safety Code provides that every person who in a voluntary manner unlawfully furnishes or gives any narcotic other than marijuana to a minor is guilty of a felony"; and ". . . that Mary [V.] is a minor." It should be noted that the pattern jury instructions were not used. The CALJIC instruction for sections 11502 and 11502.1 reads as follows: "NARCOTICS—SALE, ETC., THEREOF OTHER THAN MARIJUANA TO MINOR. Every person (of the age of 21 years or over) (under the age of 21) who unlawfully sells, furnishes, administers, or gives away any narcotic to a minor in an amount sufficient to be used as a narcotic and with knowledge that the substance is a narcotic, is guilty of a crime." (CALJIC No. 12.08 (rev. ed. 1970).)

trial court denied defendant's motion for a judgment of acquittal made on the ground that there was no evidence of his majority.

Section 11502 provides that every "person of the age of 21 years or over" who commits any of the proscribed acts is guilty of a criminal offense. There is nothing whatever in that language to suggest that majority is not an element of the crime that the prosecution must prove or that minority is a defense that the defendant must assert. The Legislature is fully cognizant of the rules placing on the prosecution the burden of proving every element of the offense charged and guaranteeing the defendant a jury trial on every such element regardless of the state of the evidence. (U.S. Const., Amend. VI; Cal. Const., art. I, § 7; Pen. Code, § 1096 (presumption of innocence until the contrary is proved beyond a reasonable doubt); *People* v. *Wells* (1949) 33 Cal.2d 330, 346 [202 P.2d 53]; *People* v. *Shavers* (1969) 269 Cal.App.2d 886, 888-889 [75 Cal.Rptr. 334]; Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure* (1960) 69 Yale L.J. 1149, 1157, fn. 22; Annot. (1931) 72 A.L.R. 899; see *People* v. *Conboy* (1910) 15 Cal.App. 97 [113 P. 703]; cf., *People* v. *Stoll* (1904) 143 Cal. 689, 691-694 [77 P. 818]; Pen. Code, § 1118.1) When it has seen fit, the Legislature has responded to those rules by providing that certain facts constitute defenses that the defendant must either invoke by some evidence or, in some cases, prove by a preponderance of the evidence.[3] It

---

[3]Evidence Code section 501 provides: "Insofar as any statute except Section 522 [of the Evidence Code, relating to the defense of insanity] assigns the burden of proof in a criminal action, such statute is subject to Penal Code Section 1096." Thus, Penal Code section 1105 provides that upon commission of a homicide by defendant being proved, it is his burden, in the absence of such evidence introduced by the prosecution, to prove circumstances of mitigation, justification, or excuse. It has been held that this burden is one only of raising a reasonable doubt. (*Jackson* v. *Superior Court* (1965) 62 Cal.2d 521, 526 [42 Cal.Rptr. 838, 399 P.2d 374]; *People* v. *Deloney* (1953) 41 Cal.2d 832, 840-842 [264 P.2d 532]; *People* v. *Cornett* (1948) 33 Cal.2d 33, 42-43 [198 P.2d 877].) Another way in which a burden may be shifted to the defendant is illustrated by numerous drug statutes which provide for conviction on a showing that the defendant possessed a dangerous or restricted drug *except upon prescription of a physician*. (E.g., Health & Saf. Code, §§ 11500, 11910.) Such an exception may be taken advantage of by the defendant only on some initial showing which would tend to raise a reasonable doubt with respect to that issue. (*People* v. *Marschalk* (1962) 206 Cal.App.2d 346, 349-350 [23 Cal.Rptr. 743]; *People* v. *Martinez* (1953) 117 Cal.App.2d 701, 708 [256 P.2d 1028]; *People* v. *Bill* (1934) 140 Cal.App. 389, 392-393 [35 P.2d 645].) A third manner in which the burden may be placed on the defendant is illustrated by Penal Code section 190.1, which provides that the death penalty may not be imposed on a person who was under the age of 18 years at the time of commission of the crime, and that "The burden of proof as to the age of said person shall be upon the defendant."

The comment to Evidence Code section 501 states: "[W]here a statute allocates the burden of proof to the defendant on any [issue other than sanity] . . . the defendant's burden, as under existing law, is merely to raise a reasonable doubt as to his guilt. *People* v. *Bushton* [1889] 80 Cal. 160. . . ." Evidence Code section 522 places the burden of proof on the defendant to establish the defense of insanity by a preponder-

has also assisted the prosecution by creating presumptions in proper cases.[4] Had it intended that the prosecution should not have the normal burden of proving the defendant's majority in section 11502 prosecutions, it is only reasonable to assume that the Legislature would in one way or another have so provided.

The Attorney General contends, however, that the burden of raising the issue of defendant's age may properly be placed upon defendant under the rule of necessity and convenience. ■ Under that rule, despite the state's burden of proof beyond a reasonable doubt of all material elements of the offense (Pen. Code, § 1096), if the charge contains a negative averment or concerns a fact peculiarly within the knowledge of the accused, the initial burden of producing evidence on that issue may be placed upon the accused where he has more ready access to that proof and subjecting him to this burden will not be unduly harsh or unfair.

■ The allegation that the defendant is 21 years of age or over is not a negative averment. A true negative averment, for example that the defendant lacked a prescription for a drug, the possession of which was lawful only on prescription, may often be practically impossible for the prosecution to prove but easy for the defendant to refute. In the absence of a legislative provision that minority is a defense, we do not believe that the relative ability of the prosecution and defense to establish the defendant's age is sufficient to justify invoking the rule of necessity and convenience to relieve the prosecution of its burden of proving the defendant's majority under section 11502.

The defendant may not necessarily have any substantially greater ability

ance of the evidence. (*People* v. *Daugherty* (1953) 40 Cal.2d 876, 898-901 [256 P.2d 911].)

[4]Evidence Code section 600, subdivision (a), defines a presumption as "an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action." For example, Health and Safety Code section 11227 establishes a presumption of prima facie evidence of guilt with respect to certain narcotics record-keeping requirements from a showing that the defendant possesses a greater amount of narcotics than is accounted for by records required to be kept, or a lesser amount than such records reveal he should possess. A presumption, however, to satisfy "the due process clause of the Fourteenth Amendment requires that there be a rational connection between the facts proved and the fact presumed." (*People* v. *Wells, supra*, 33 Cal.2d at p. 346; *Tot* v. *United States* (1943) 319 U.S. 463, 467 [87 L.Ed. 1519, 1524, 63 S.Ct. 1241].) It is clear that the Legislature did not intend that a presumption should operate in this case; it is also clear that there is no rational connection between the fact proven (furnishing narcotics to a minor) and the fact that would have to be assumed if there were a presumption (being over the age of 21).

to establish his age than does the prosecution. A defendant's precise age is not a matter within his personal knowledge but something he must have learned either from family sources or public or church records. In this age of documented existence there is little doubt that ordinarily the prosecution may be able to secure evidence of the defendant's age. Moreover, in those rare cases where there is no evidence of the defendant's precise age except his own belief as to what it is, the defendant might be as hard pressed as the prosecution to verify it. If minority be deemed a defense, a defendant in such a case would be at the mercy of the jury's power to disbelieve his testimony even though it be the only available evidence of age. We conclude that a case for the application of the rule of necessity and convenience here has not been made out.

Our holding should not be interpreted so as to require the prosecution in every instance to prove the actual age of the defendant. There will be occasions when his physical appearance will be such that the jury could not entertain a reasonable doubt that he was over the age of 21 years. "Experience teaches us that corporal appearances are approximately an index of the *age* of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. In particular the *outward physical* appearance of an alleged minor may be considered in judging of his *age;* a contrary rule would for such an inference be pedantically over-cautious." (2 Wigmore, Evidence (3d ed. 1940) § 222, pp. 5-6 (italics in original); see generally Note, *A Defendant's Appearance as Evidence of His Age* (1958) 15 Wash. & Lee L. Rev. 290.) Moreover it "is settled that a view of the scene by the trial judge is independent evidence on which a finding may be made and sustained (*Otey* v. *Carmel Sanitary Dist.,* 219 Cal. 310, 312 [26 P.2d 308]; Evid. Code, § 140)." (*Hutcherson* v. *Alexander* (1968) 264 Cal. App.2d 126, 131 [70 Cal.Rptr. 366].) Similarly, a view of the defendant by the trier of fact in an appropriate case may be sufficient to support a finding that the defendant is an adult.[5] In any event, the information or indictment must contain the necessary language as to age and in jury

---

[5]It should not be inferred from this analysis of the proof of age issue that when the prosecution is unable to offer any proof of age on either a section 11502 or a section 11502.1 charge, no conviction may be had. Rather, because the two sections cover precisely the same course of conduct and differ only with respect to the perpetrator's age and the severity of the penalty, the two sections are essentially two degrees of the same offense. As such, if the jury entertains a reasonable doubt that defendant is 21 years or over, it may nevertheless convict of the lesser degree. (See Pen. Code, § 1097.)

trials, the jury must be properly instructed as to all of the elements of the offense.

The judgment is reversed.

Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

**McCOMB, J.**—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Gabbert in the opinion prepared by him for the Court of Appeal in *People* v. *Montalvo* (Cal.App.) 88 Cal.Rptr. 658.