162 Cal.App.3d 18 (1984)
209 Cal. Rptr. 317
THE PEOPLE, Plaintiff and Respondent,
v.
GEORGE CONSTANTINE GINERIS, Defendant and Appellant.
Docket No. 21337.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
November 7, 1984.
*21 COUNSEL
John Davis for Defendant and Appellant.
Robert H. Philibosian, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Respondent.
OPINION
BERNSTEIN, Acting P.J.
Defendant appeals from his conviction by a jury of a violation of Vehicle Code section 23152, subdivisions (a) (driving while under the influence) and (b) (driving with a blood-alcohol level of 0.10 percent or more). Appellant was also found to have a prior driving-while-under-the-influence conviction.

THE VEHICLE CODE SECTION 23152, SUBDIVISION (b) CHARGE
Appellant contends the evidence was insufficient to support the Vehicle Code section 23152, subdivision (b) conviction. In considering this issue *22 we are confronted with the question of who should bear the burden of proof of establishing the partition ratio of the individual defendant.
(1) In order to establish a violation of Vehicle Code section 23152, subdivision (b), "the People ... must prove beyond a reasonable doubt that at the time (the defendant) was driving his blood alcohol exceeded 0.10 percent." (Burg v. Municipal Court (1983) 35 Cal.3d 257, 265 [198 Cal. Rptr. 145, 673 P.2d 732].) Generally this will have to be established by circumstantial evidence (see id., at p. 266, fn. 10) which in many cases will be by a test, the results of which will have to be converted to a blood-alcohol ratio. Although the defendant may refute the accuracy of the test results, the People must first meet their burden of proof by presenting substantial evidence that the defendant's blood-alcohol level was 0.10 percent or more at the time of the driving. The People must present sufficient evidence from which it could reasonably be deduced that the defendant's blood-alcohol level was 0.10 percent or more. (See People v. Reilly (1970) 3 Cal.3d 421, 424-425 [90 Cal. Rptr. 417, 475 P.2d 649]; see also People v. Campos (1982) 138 Cal. App.3d Supp. 1 [188 Cal. Rptr. 366].)
(2a) As to the subdivision (b) charge, the following evidence was presented by the People: Appellant was driving at 12:05 a.m. on January 28, 1983. He was given a breath test at 12:35 a.m., the results of which were 0.11 percent and 0.11 percent. The test was properly administered and the machine was functioning properly. The test results were accurate to a plus or minus 0.01 percent blood-alcohol level.
Based upon this error factor the machine results showed appellant to have a blood-alcohol level ranging from 0.10 percent to 0.12 percent. There was also testimony that the machine correlates the initial breath results to the blood-alcohol level by using a partition ratio of 2,100 to 1. This ratio is mandated by title 17 of the California Administrative Code (Cal. Admin. Code, tit. 17, § 1220.4, subd. (f)) and represents an average ratio for that of the general public. However, it is just an average  and on an individual basis there could be as much as a 50 percent error margin. The People's expert testified that taking into account the possible variations in the human partition ratio, the time interval between the driving and the test, and the error margin of the machine reading, he could not say beyond a reasonable doubt that appellant had a 0.10 percent blood-alcohol level at the time of driving.
The expert was testifying based upon his scientific knowledge. However the Legislature, in response to the dangers posed to the public by the drunk driver, (see Burg v. Municipal Court, supra, 35 Cal.3d at pp. 262-264) has enacted certain presumptions applicable to this charge. The Legislature provided *23 that if the results of a test given within three hours of driving are 0.10 percent or more, it is a rebuttable presumption that the defendant had a 0.10 percent or more blood-alcohol level at the time of driving. (Veh. Code, § 23152, subd. (b).) (3) In enacting this provision the Legislature was making the presumption which already was applicable to Vehicle Code section 23152, subdivision (a) (Veh. Code, § 23155, subd. (a)(3)) similarly applicable to the subdivision (b) charge. (Stats. 1982, ch. 1337, Summary Dig., vol. 6, pp. 478-479.) This presumption has been held to be constitutionally valid. (People v. Schrieber (1975) 45 Cal. App.3d 917 [119 Cal. Rptr. 812].) (4a) As to the partition ratio, the Legislature has not enacted a statutory presumption. However we hold that the judicially established "rule of convenience" is applicable to the partition ratio and by its operation the defendant is in effect presumed to have a 2100 to 1 partition ratio unless he presents evidence to the contrary.
The courts have held that if a defendant is best able to produce an item of evidence and it would not be unduly harsh or unfair to require him to do so, then the People are relieved of their burden of producing this evidence. (People v. Yoshimura (1979) 91 Cal. App.3d 609, 626-629 [154 Cal. Rptr. 314]; People v. Montalvo (1971) 4 Cal.3d 328, 334 [93 Cal. Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518]; People v. Boo Doo Hong (1898) 122 Cal. 606 [55 P. 402].)
The defendant's individual partition ratio is presumably obtained by means of an examination which he is best able to obtain by submitting himself privately for such scrutiny. He can, however, avoid the additional expense and trouble which may be involved in submitting to such an examination by choosing to take the blood test when the chance is presented pursuant to Vehicle Code section 13353.
(2b) From the evidence presented, herein, i.e., the machine was in proper working order; had an error factor of 0.01 percent, and based upon an average partition ratio, the result of 0.11 percent for appellant was sufficient evidence for the jury to have reasonably deduced that appellant was driving with a blood-alcohol level of 0.10 percent or more. In the absence of any evidence that appellant's partition ratio deviated from the norm, we hold that substantial evidence supports the Vehicle Code section 23152, subdivision (b) conviction.
(5a) Appellant contends that the trial court erred in admitting into evidence a copy of the calibration test results for the intoxilyzer. We agree but do not find the error to be prejudicial. The only foundation laid for the admission of this record was the testimony of Duane Beckner, an employee for the Los Angeles Sheriff's Department crime lab, who testified that the *24 record was an exact copy of the original calibration test results and that these tests were conducted in the ordinary course of business and pursuant to title 17 of the California Administrative Code. This item was hearsay (Evid. Code, § 1200) and in order for it to be admitted under an exception to the hearsay rule it had to qualify as either a business record or a public record. A requisite foundational requirement for both exceptions is the presentation of evidence as to the mode of preparation of the writing itself. (Evid. Code, §§ 1271, 1280; Gee v. Timineri (1967) 248 Cal. App.2d 139, 146 [56 Cal. Rptr. 211]; Lusardi v. Prukop (1931) 116 Cal. App. 506, 507 [2 P.2d 870].) No such showing was made, nor was there any evidence upon which this court could take judicial notice establishing the requisite foundation. The foundational requirements were not met and the calibration test record should not have been admitted into evidence.
However, in this regard we note that the import of this evidence was to establish the reliability of the intoxilyzer results. There was testimony by Beckner, who qualified as an expert witness, that based upon a review of the maintenance record it was his opinion that the intoxilyzer was functioning properly at the time of appellant's test. No objection was made to this testimony. This therefore properly admitted testimony (Evid. Code, § 353, subd. (a)) established the reliability of the test results. This record did show the machine to be yielding test results lower than the true blood-alcohol level. However, Beckner testified that the machine had an error factor of plus or minus 0.01 percent. The defense expert, Mr. Williams, did not contradict Beckner's testimony in this regard. Although he testified that there was an error factor of 35 percent in terms of the test results showing the true blood-alcohol level of the individual, this figure was based upon the aforementioned 0.01 percent error factor for the machine, plus variances in the partition ratio. Using the 0.01 percent error factor appellant's blood-alcohol level was still 0.10 percent or more.
Although there was evidence presented that the partition ratio could differ and result in a machine result which was higher than the defendant's actual blood-alcohol level, there was no evidence presented that appellant in fact had a partition factor which differed from the 2,100 to 1 ratio used. (4b) As previously discussed in this opinion, the defendant must produce such evidence in order to rebut the presumption provided by the rule of convenience. (5b) No such evidence was produced in this case. Accordingly, the error was not prejudicial. (See People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)
(6) Appellant contends that the trial court erred in refusing to allow him to introduce into evidence maintenance records for the intoxilyzer used to test appellant's breath, covering the period one month before and after appellant's *25 test. The record shows that during the testimony of the People's expert witness in their case in chief, a copy of the results of calibration tests performed on the intoxilyzer covering the period January 21, 1983, through February 4, 1983, was admitted into evidence. At the conclusion of the testimony of this witness, defense counsel "moved for the introduction of the entire intoxilyzer maintenance record, from a time one month prior to the defendant's arrest to a time one month after the defendant's arrest."
If appellant wanted these records admitted into evidence he could have subpoenaed them and introduced them as part of his case in chief. (See People v. Snyder (1958) 50 Cal.2d 190, 195 [324 P.2d 1].) However, these records were not necessary to make the already admitted records understandable, for the admitted records were a complete record for the relevant period. Accordingly, appellant was not entitled to have them introduced as part of the People's case. (See Evid. Code, § 356; see People v. Gambos (1970) 5 Cal. App.3d 187, 192-193 [84 Cal. Rptr. 908]; see also People v. Snyder, supra, 50 Cal.2d 190.) We find no error.
Appellant also contends that the trial court erred in denying his motion to suppress the results of the breath test as the state failed to preserve the sample analyzed in the breath test. However, in California v. Trombetta (1984) 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528] the United States Supreme Court held that the use of the results of a breath test at trial when the state had failed to preserve the sample used so as to allow independent analysis by the defendant did not violate due process. We are bound by that holding.

THE VEHICLE CODE SECTION 23152, SUBDIVISION (a) CHARGE
(7) At the trial Duane Beckner testified as an expert witness for the People that he had participated in correlation studies which included observations of the behavior of various people and their correlating blood-alcohol level. He testified that based upon these studies he was of the opinion that at a blood-alcohol level of 0.10 percent or higher, all persons would be under the influence. Appellant sought to introduce into evidence testimony by an expert, Jay Williams, that based upon controlled laboratory tests conducted on appellant, he found appellant to have an extremely high tolerance level to alcohol, and that at a blood-alcohol level of 0.11 percent appellant was not impaired to any observable degree and was able to perform field sobriety tests. The trial court excluded this evidence on the basis that the experiment was not conducted under substantially similar circumstances as existed at the time of appellant's arrest. Appellant then moved to have the aforementioned opinion testimony of Duane Beckner, the People's expert, *26 stricken as his opinion was likewise based upon experiments which were not conducted under conditions substantially similar to those at the time of appellant's arrest. This motion was denied.
On appeal appellant contends that the trial court erred in excluding this experimental evidence while allowing the testimony of the People's expert, Beckner, that all people with a blood-alcohol level of 0.10 percent or more are under the influence. In order for experimental evidence to be admissible it must be established that it was obtained under conditions substantially similar to those at issue. (Hasson v. Ford Motor Co. (1977) 19 Cal.3d 530, 548-549 [138 Cal. Rptr. 705, 564 P.2d 857, 99 A.L.R.3d 158].) At issue in the case was appellant's condition at midnight on January 28, 1983, the time when he was stopped by the officer. Defense counsel did make an offer of proof on this issue. However, the offer of proof did not establish that the defense experiments were conducted at a similar time of night when appellant would likely be fatigued, or that appellant was in the same physical condition as on January 28, 1983. The aforementioned factors presumably could affect a person's reactions to alcohol. Under these circumstances, we find no abuse of discretion in the trial court's exclusion of this evidence. (Culpepper v. Volkswagen of America, Inc. (1973) 33 Cal. App.3d 510, 521-522 [109 Cal. Rptr. 110].)
Furthermore on cross-examination the defense expert, Williams, testified that in his opinion all persons are under the influence with a blood-alcohol level of 0.10 percent or more, the very same testimony that appellant seeks to have excluded when given by the People's expert. We find no basis for excluding this similar testimony by Beckner.
Appellant contends that the trial court erred in allowing into evidence testimony in both the People's case in chief and in their cross-examination of appellant, that when Officer Melton approached appellant's car, appellant said to him, "What do you want Melton," demonstrating thereby that appellant had prior contact with the officer. The trial court ordered the prosecutor not to make further inquiry into the area of appellant's acquaintance with the officer or any other matters which might indicate that appellant had prior arrests. However, he denied appellant's motion to strike the aforementioned testimony. We find no basis for reversal in that ruling. The comment was not so damaging in nature that a contrary verdict would have resulted from its exclusion. Accordingly, the conviction may not be reversed on this contention. (See People v. Watson, supra, 46 Cal.2d 818.)
(8) Appellant also contends that the trial court erred in allowing into evidence testimony that at the police station, appellant stated to Officer Melton, "Me and my friends at the Embassy Lounge are going to get you *27 Melton." Appellant objected to the testimony on the basis of relevancy. Threatening, belligerent behavior may indicate that the party has had too much to drink. The testimony was relevant to establishing that appellant was under the influence, and as such, was properly admissible.
Appellant further urges that the trial court erred in instructing the jury on the two charges, the subdivision (a) and the subdivision (b) counts. (CALJIC Nos. 16.830.1 and 16.831.) Appellant was charged with both offenses, and the trial judge properly instructed the jury as to both of these offenses. People v. Cosko[*] (Cal. App.), cited by appellant, is no longer citeable authority as it has been ordered depublished by the California Supreme Court.
The judgment of conviction is affirmed.
Cooperman, J., and Shabo, J., concurred.
NOTES
[*] Reporter's Note: Deleted on direction of Supreme Court by order dated May 3, 1984.