Opinion
SOVEN, J.
Defendant Terry Herst was convicted by a jury of violating Vehicle Code section 23152, subdivisions (a) (driving under the influence of alcohol) and (b) (driving with a blood alcohol level of 0.10 percent or greater). She was placed on probation and appeals. We affirm the judgment (order granting probation).
Discussion
Defendant, after being arrested, submitted to a breath test on the Gas Chromatograph Intoximeter to determine the alcohol in her blood. This machine, and other breath machines, convert the percentage of alcohol in the breath to alcohol in the blood by using a breath-blood “partition ratio” of 2,100 to 1, as required by the state. (Cal. Admin. Code, tit. 17, § 1220.4, subd. (f).)
Defendant contends that the trial court erred in striking portions of her expert witness’s testimony relating to partition ratios, and in instructing the jury not to consider any conclusions made by any witness based on a partition ratio of other than 2,100 to 1. Neither contention has merit.
In People v. Pritchard (1984) 162 Cal.App.3d Supp. 13, 17 [209 Cal.Rptr. 314], we held that “the rule of convenience applies as to the partition ratio, and . . . the defendant is in effect presumed to have a 2,100 to 1 partition ratio unless he presents evidence as to his personal partition ratio which establishes that the 2,100 to 1 ratio is not valid for him. General evidence of such a possibility of error in the partition ratio will not suffice to rebut this presumption.” (See also People v. Gineris (1984) 162 Cal.App.3d Supp. 18, 23 [209 Cal.Rptr. 317].)
The testimony of defendant’s expert was admitted, subject to a motion to strike, provided defendant would later provide a foundation for the testimony. The expert testified that partition ratios varied and that during the absorption of alcohol the partition ratio was considerably lower than 2,100 *Supp. 4 to 1. Defendant, however, presented no evidence as to her partition ratio. The expert’s “general evidence” was not relevant under Pritchard, supra, 162 Cal.App.3d Supp. 13, and the testimony was properly stricken.
The trial court did not err in instructing the jury that the jury should not consider the conclusions of any witness concerning defendant’s blood alcohol level “based upon breath alcohol results which use a partition ratio other than 2100 to l.”[1] The instruction mirrors the requirements of Pritchard, supra, 162 Cal.App.3d Supp. 13, and Gineris, supra, 162 Cal.App.3d Supp. 18. Again, defendant presented no evidence of her partition ratio.
Defendant contends that the court’s instruction that the jurors “may infer,” absent evidence to the contrary, that defendant had a partition ratio of 2,100 to 1 impermissibly relieved the prosecution of “proving beyond a reasonable doubt each and every fact upon which the proof of defendant’s blood alcohol level depended.” Defendant, citing People v. Roder (1983) 33 Cal.3d 491 [189 Cal.Rptr. 501, 658 P.2d 1302], mischaracterizes the instruction. The instruction did not shift the burden of proof for an element of the offense, as in Roder. Rather, the instruction concerned the equivalent of an affirmative defense that defendant’s partition ration deviated from the norm. The instruction was proper. (See People v. Waters (1985) 163 Cal.App.3d 935, 937-938 [209 Cal.Rptr. 661].) Moreover, a permissive inference is not unconstitutional. (People v. Roder, supra, 33 Cal.3d 491, 498, 507.)[2]
Finally, defendant’s assertion that Evidence Code section 607 requires the People to produce evidence of the defendant’s partition ratio ignores Evidence Code section 604. That section provides that the “effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence . . . .” The “presumed fact” in this case was that defendant’s partition
“ . . . All forensic alcohol laboratories licensed by the California Department of Health Services . . . are required by law to use a blood-breath ratio of 2100 to 1.
“The jury may infer that this defendant has a 2100 to 1 partition ratio unless she presents evidence as to her personal partition ratio which establishes that the 2100 to 1 ratio does not apply to her. General evidence of such a possibility of error will not suffice to rebut this presumption. The People are not required to prove this Defendant’s particular partition ratio.
“The jury should not consider any conclusions made by any witness regarding the Defendant’s blood alcohol concentration based upon breath alcohol results which use a partition ratio other than 2100 to 1.”
*Supp. 5 ratio was 2,100 to 1. No evidence was presented by defendant to support a finding of its nonexistence.
The judgment is affirmed.
Reese, Acting P. J., and Newman, J., concurred.

 The jury was instructed:

 The Jury was also instructed in CALJIC No. 12.61 and CALJIC No. 12.61.1, that even if the evidence established “beyond a reasonable doubt” that defendant’s blood alcohol was 0.10 percent, the jury “may but are not required to infer” that defendant was guilty of violating Vehicle Code section 23152, subdivision (a) or (b).