Opinion
TURRONE, J.
Thomas Bradley Oliver appeals his misdemeanor conviction by a jury of violating Vehicle Code section 23152, subdivision (a) (driving a vehicle while under the influence of an alcoholic beverage). The trial court dismissed another count after the jury was unable to reach a verdict on whether he violated Vehicle Code section 23152, subdivision (b) (driving with a blood-alcohol level of 0.10 percent or more of alcohol in his blood).
Following his arrest, Oliver elected to submit to a breath test to determine the alcohol in his blood. The machine is designed to convert the percentage of alcohol in the breath to alcohol in the blood by using a blood-to-breath partition ratio of 2,100 to 1, as dictated by the state (Cal. Code Regs., tit. 17, § 1220.4(f)). Oliver’s test results were 0.14 percent.
I
Among Oliver’s in limine motions were attempts to introduce evidence about the partition ratio and to cross-examine the prosecution’s expert witness regarding the subject. Oliver sought to show that the general population varied from the 2,100 to 1 blood-to-breath partition ratio, arguing that he was not required to first show that his own ratio deviated from the one established by the state. He offered to prove that every person’s ratio changes from time to time, the variations often being significant, and that there was no way he could now know what his ratio was on some earlier date.
After a hearing on his motions, the trial judge found that the evidence Oliver sought to present constituted proffered evidence[1] the relevancy of *1664 which depended upon the existence of a preliminary fact, to wit: that the defendant’s partition ratio was something other than the norm. The trial judge found that Oliver failed to make an offer to prove the existence of the preliminary fact, noting that Oliver unequivocally admitted the inability to offer any evidence dealing with his own partition ratio. Accordingly, the trial court denied his request, thereby precluding him from showing that the state’s mandated partition ratio was only a norm and that other people in the general population would differ from that ratio.
Oliver argues that this ruling was error. He asserts that requiring him to first show his own partition ratio was intrusive, burdensome, and impermissibly shifted the People’s burden of proof.
Evidence Code section 500[2] sets forth the general rule that a party has the burden of proving the facts essential to his claim for relief or the defense he asserts. Nevertheless, there has never been doubt that the Legislature and the courts are both empowered to assign to a party a burden of proof contrary to the general rule, based on the facts involved. Policy considerations, convenience, tradition and fairness may often decide the assignment. (1 Witkin, Cal. Evidence (3d ed. 1986) § 136, p. 119; Jefferson, Cal. Evidence Benchbook (1972) § 45.2, p. 783.)
Despite the state’s obligation to prove all material elements of the offense beyond a reasonable doubt, where there is a fact peculiarly within the knowledge of the accused and proof of its nonexistence by the prosecution *1665 would be relatively difficult or inconvenient, the initial burden of producing evidence on that issue may be placed on the accused. This rule has emerged from a long line of decisions which recognized there are situations where a defendant had the more ready access to the proof and subjecting him to the burden was neither unfair nor unduly harsh. (People v. Montalvo (1971) 4 Cal.3d 328 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518]; People v. Osaki (1930) 209 Cal. 169 [286 P. 1025]; People v. Boo Doo Hong (1898) 122 Cal. 606 [55 P. 402]; People v. Yoshimura (1979) 91 Cal.App.3d 609 [154 Cal.Rptr. 314]; People v. Flores (1976) 62 Cal.App.3d Supp. 19 [133 Cal.Rptr. 759]; People v. Marschalk (1962) 206 Cal.App.2d 346 [23 Cal.Rptr. 743]; People v. Fortch (1910) 13 Cal.App. 770 [110 P. 823].)
Our Supreme Court described the concept with brevity and clarity over half a century ago: “. . . where the negative of an issue does not permit direct proof or where the facts come more immediately within the knowledge of the defendant, the onus probandi rests upon him.” (People v. Osaki, supra, 209 Cal. 169, 177.)
We find no difficulty in requiring the burden of proof to fall upon the defendant with regard to his own partition ratio. This is an individual physical characteristic, obtainable, if at all, only through means of physical tests performed upon the defendant; he had the uninhibited access to this information. Applying the rule of convenience to the partition ratio is not unduly burdensome to the defendant.[3]
We find it significant to note that application of the rule of convenience to the partition ratio is consistent with the legislative scheme in prosecuting these types of offenses. We see no need to relate the gruesome statistics of pain and death caused by the drunk driver and the legislative responses taken to meet the problem. Justice Mosk made a thorough review of the subject in Burg v. Municipal Court (1983) 35 Cal.3d 257 [198 Cal.Rptr. 145, 673 P.2d 732], We merely note that among the responses taken to protect the public from the increasing slaughter and injury, our Legislature enacted certain presumptions,[4] in an attempt to protect the public. While our lawmakers have not enacted a statutory presumption as to the partition ratio, the judicially established rule of convenience is applicable to the partition ratio, which effectively results in the fact that a defendant is presumed to have a 2,100 to 1 blood-to-breath partition ratio, unless the defendant presents evidence to the contrary. (People v. Gineris (1984) 162 Cal.App.3d *1666 Supp. 18, 23 [209 Cal.Rptr. 317]; 2 Witkin Cal. Evidence, op. cit. supra, § 866, p. 832.)
We reject Oliver’s claim that the ruling below relieved the prosecution of the burden of proving each and every fact upon which the proof of his blood alcohol level depended. There is an important distinction between an element of the offense and an affirmative defense. Oliver’s assertion that his partition ratio deviated from the norm was an affirmative defense. It was his obligation to present evidence on that issue and he was unable to do so. (People v. Herst (1987) 197 Cal.App.3d Supp. 1 [243 Cal.Rptr. 83]; People v. Pritchard, supra, 162 Cal.App.3d Supp. 13; People v. Gineris, supra, 162 Cal.App.3d Supp. 18.)
Evidence Code section 604 provides that the “effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . . .” The fact presumed was that Oliver’s partition ratio was 2,100:1. No offer of proof was made or evidence presented by Oliver to support a finding of its nonexistence.
Oliver’s reliance upon People v. McDonald (1988) 206 Cal.App.3d 877 [254 Cal.Rptr. 354] is misplaced. That case was built upon an entirely different factual foundation. In McDonald, uncontroverted evidence of the variability of a person’s partition ratio and the fruitless nature of measuring that ratio were etched into the trial record.[5]
II[6]
III
The judgment is affirmed.
Flaherty, P. J., and Stone, J., concurred.

 Evidence Code section 401 states: “As used in this article, proffered evidence means evidence, the admissibility or inadmissibility of which is dependent upon the existence of nonexistence of a preliminary fact.”
Evidence Code section 403 provides in part: “(a) The proponent of the proffered evidence has the burden of producing evidence as to the existence of the preliminary fact, and the proffered evidence is inadmissible unless the court finds that there is evidence sufficient to sustain a finding of the existence of the preliminary fact, when:
“(1) The relevance of the proffered evidence depends on the existence of the preliminary fact;. . .”
*1664 Evidence Code section 405 provides in part: “With respect to preliminary fact determinations not governed by Section 403 . . . :
“(a) When the existence of a preliminary fact is disputed, the court shall indicate which party has the burden of producing evidence and the burden of proof on the issue as implied by the rule of law under which the question arises. The court shall determine the existence or nonexistence of the preliminary fact and shall admit or exclude the proffered evidence as required by the rule of law under which the question arises.
“(b) If a preliminary fact is also a fact in issue in the action: [][] (1) The jury shall not be informed of the court’s determination as to the existence or nonexistence of the preliminary fact. . . .”

 Evidence Code section 500 provides: “Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.” (Italics added.)
The California Law Revision Commission comment which follows this section states in part: “In determining whether the normal allocation of the burden of proof should be altered, the courts consider a number of factors: the knowledge of the parties concerning the particular fact, the availability of the evidence to the parties, the most desirable result in terms of public policy in the absence of proof of the particular fact, and the probability of the existence or nonexistence of the fact. . . . ‘[T]he truth is that there is not and cannot be any one general solvent for all cases. It is merely a question of policy and fairness based on experience in the different situations.’ 9 Wigmore, Evidence § 2486 at 275 (3d ed. 1940).” (Deering’s Ann. Evid. Code (1986 ed.) § 500, p. 215.) (See also Worsley v. Municipal Court (1981) 122 Cal.App.3d 409, 420 [176 Cal.Rptr. 324].)

 As noted in People v. Pritchard (1984) 162 Cal.App.3d Supp. 13 at page Supp. 16 [209 Cal.Rptr. 314], the defendant could have eliminated the partition-ratio issue by electing to take one of the other tests required by Vehicle Code section 13353.

 Vehicle Code sections 23155, subdivision (a), 23152, subdivision (b), 23153.

 McDonald noted that the testimony of the defense expert was not objected to by the prosecution.

 See footnote, ante, page Supp. 1.