Opinion
HINZ, J.
By a misdemeanor complaint filed on January 20, 1988, appellant was charged in count I with a violation of Vehicle Code section 23152, subdivision (a) (driving while under the influence); two prior convictions of driving while under the influence were alleged. It was further alleged that appellant had a blood-alcohol level of 0.20 percent or higher within the
*1670 meaning of Vehicle Code section 23206.1. Appellant was charged in count II with driving while having 0.10 percent or more, by weight, of alcohol in his blood. The Vehicle Code section 23206.1 enhancement allegation was repeated in count II. A jury found appellant guilty as charged in both counts. Appellant admitted the prior convictions. We affirm the judgment as to count I, reverse as to count II, and remand for resentencing.
I.
Expert Testimony Concerning Partition Ratios
Following his arrest, appellant submitted a sample of his breath for chemical analysis. The result of the breath test was converted to a blood-alcohol level by use of a blood-to-breath partition ratio of 2,100 to 1. That ratio is mandated by title 17 of the California Code of Regulations, section 1220.4, subdivision (f) (hereafter Title 17).
Appellant’s principal contention on appeal is that the trial court erred in limiting examination of expert witnesses concerning partition ratios. It is important to note at the outset that this case comes to us on a limited record. The record on appeal consists of a settled statement, a clerk’s transcript, and a reporter’s transcript covering a portion of the proceedings in the trial court. The settled statement does not set forth the evidence presented at trial except the testimony of the People’s expert witness concerning blood-alcohol levels and partition ratios. The substance of that testimony is set forth below. In addition, the settled statement describes defense counsel’s offer of proof as to the testimony of the defense expert concerning blood-alcohol levels and partition ratios. The reporter’s transcript is similarly limited to proceedings concerning the allowable scope of the expert testimony.
According to the settled statement on appeal, the People’s forensic toxicology expert testified that in her opinion “all people are under the influence, for purposes of driving an automobile, at a blood alcohol level of 0.10%.” She further testified “that the 2100:1 [blood-to-breath] partition ratio varies among people.” Defense counsel made an offer of proof as to the testimony of the defense expert in matters of forensic toxicology: counsel expected the defense expert to testify that an individual’s partition ratio is “characterized by variations from moment to moment,” and that it is not possible to measure an individual’s partition ratio at any one point in time and then determine what ratio existed at an earlier point in time; further, the defense expert was expected to testify that partition ratios vary “by the *1671 general population” from 600 to 1 to 3,000 to l.[1] No physical tests were performed on appellant by the defense expert.
The trial court ruled that under People v. Pritchard (1984) 162 Cal.App.3d Supp. 13 [209 Cal.Rptr. 314], no evidence could be allowed that partition ratios can vary beyond the 2,300-to-l to 1,900-to-l range from which the 2,100-to-l ratio found in Title 17 was derived. This limitation was made applicable to both cross-examination of the People’s expert and to the testimony of the defense expert. Defense counsel subsequently stated that as a result of the trial court’s ruling it would “be fruitless and a waste of the court’s time to put on a defense.”
At the time this case was brought to trial the prevailing rule of law had been established in People v. Pritchard, supra, 162 Cal.App.3d Supp. 13 (hereafter Pritchard). In Pritchard, a prior panel of this court found that “the individual partition ratio is an individual physical characteristic of the defendant, and presumably can only be obtained through means of physical tests upon him. The defendant is in control of this information or at least of access to it. [Fn. omitted.]” (Id. at p. Supp. 16.) Therefore, this court held, the “rule of convenience,” whereby the initial burden of producing evidence on an issue is placed on the defendant (People v. Montalvo (1971) 4 Cal.3d 328, 334 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518]), applies to the partition ratio. Specifically, “by . . . operation [of the ‘rule of convenience’] the defendant is in effect presumed to have a 2,100 to 1 partition ratio unless he presents evidence as to his personal partition ratio which establishes that the 2,100 to 1 ratio is not valid for him. General evidence of such a possibility of error in the partition ratio will not suffice to rebut this presumption.” (Pritchard, supra, 162 Cal.App.3d at p. Supp. 17.) The same conclusion was reached two weeks later in People v. Gineris (1984) 162 Cal.App.3d Supp. 18 [209 Cal.Rptr. 317] (hereafter Gineris). And in People v. Herst (1987) 197 Cal.App.3d Supp. 1 [243 Cal.Rptr. 83] (hereafter Herst), a prior panel of this court upheld the trial court’s striking of a defense expert’s testimony that partition ratios vary. The defendant in Herst presented no specific evidence as to her partition ratio.
About a month after the trial in this case before us, the Court of Appeal for the Fourth District issued its opinion in People v. McDonald (1988) 206 Cal.App.3d 877 [254 Cal.Rptr. 384], The defense expert in McDonald had testified, without objection by the prosecution, that “a person’s blood to breath partition ratio varies over time and does not remain constant.” (Id. at p. 880.) He further testified that “while an individual’s blood to breath *1672 partition ratio could be measured, it would be speculative to say the same ratio existed at an earlier time when the subject took a breath test to measure his blood-alcohol content,” and that “it would be costly to conduct a series of tests to determine the variability of a person’s partition ratio.” (Ibid.) No such tests were performed on defendant McDonald.
The McDonald court held that on the facts before it “it was error to instruct the jury that it should presume McDonald had a 2,100:1 partition ratio unless he presented evidence as to his personal ratio which either proved the contrary or raised a reasonable doubt. The effect of the instruction was to nullify [the defense expert’s] testimony even though it was admitted without objection. The fact presumed by the instruction—constancy of one’s partition ratio—was in doubt. The resolution of that doubt was a factual question for the jury.” (206 Cal.App.3d at p. 884.)
The McDonald court reviewed the opinions in Pritchard, Gineris and Herst, noting that although those decisions appeared to be in conflict with the holding in McDonald, “closer analysis reveal[ed] an important factual distinction.” (206 Cal.App.3d at p. 881.) The distinction was that “in none of the three [prior] cases was there admissible evidence that a person’s partition ratio is not constant and may vary over time.” (Id. at p. 883.)
Two additional comments by the McDonald court are of interest to us. First, the court stated: “The significance of [the defense expert’s] testimony cannot be ignored because it directly contradicts facts Pritchard, Gineris and Herst presumed: that one’s partition ratio is constant and can be measured by the defendant. The rule of convenience should not apply unless the ‘exonerating fact is peculiarly within the defendant’s knowledge . . . .’ (People v. Pritchard, supra, 162 Cal.App.3d at p. Supp. 16; see also People v. Montalvo (1971) 4 Cal.3d 328, 334 . . . .) As in Montalvo, the defense here does not ‘have any substantially greater ability to establish [the exonerating fact] than does the prosecution.’ (People v. Montalvo, supra, 4 Cal.3d at pp. 334-335.” (People v. McDonald, supra, 206 Cal.App.3d at p. 883.)
The second comment of interest is as follows: “If [the defense expert’s] testimony is incorrect, or not generally accepted in the scientific community (a conclusion we doubt in light of the testimony of the prosecution’s own expert witness [that the partition ratio could be affected by external factors which vary over time]) we presume the next prosecutor will object accordingly in the trial court.” (People v. McDonald, supra, 206 Cal.App.3d at p. 884.) McDonald did not expressly overrule Pritchard, but it does place in doubt the wisdom of applying the “rule of convenience” to partition-ratio evidence.
*1673 A review of the case law outside California reveals that several states disagree with the rule of law announced by this court in Pritchard. Those states allow general evidence refuting the accuracy and reliability of breath test readings to go to the trier of fact. (See, e.g., People v. Brown (1989) 143 Misc.2d 270 [540 N.Y.S.2d 650]; State v. Hvistendahl (1987) 225 Neb. 315 [405 N.W.2d 273]; State v. Brayman (1988) 110 Wn.2d 183 [751 P.2d 294]; State v. McCarty (S.D. 1988) 434 N.W.2d 67.) In People v. Brown, supra, 143 Misc.2d at p.275, for example, the defendants brought motions to suppress the results of their breath tests. The court found that “the issue concerning the variation of an individual’s blood-to-breath conversion ratio is more properly addressed at trial where the defendant will have an adequate opportunity to challenge the validity and reliability of the breathalyzer result. The margin of error in the breathalyzer test should be considered by the trier of facts in deciding whether the evidence sustains a finding of guilt beyond a reasonable doubt. [Citation.]”
The Superior Court of New Jersey, Appellate Division, recently overruled a lower court which had held that scientific opinion regarding the variability of partition ratios was admissible to challenge breath test results. In State v. Downie (N.J. Super.Ct. App. Div. 1988) 229 N.J.Super. 207 [550 A.2d 1313], overruling State v. McGinley (N.J. Super.Ct. Law Div. 1988) 229 N.J.Super. 191 [550 A.2d 1305], the appellate division held that it was bound by a New Jersey Supreme Court order that judicial notice shall be taken of the scientific reliability of the breathalyzer (Romano v. Kimmelman (1984) 96 N.J. 66 [474 A.2d 1]). The appellate division noted, however, that “[t]he issues raised by defendants are of significant dimensions . . . .” (Downie, supra, 229 N.J.Super. at p. 212 [550 A.2d at p. 1316].) That court stated further, “We can only suggest that this matter be reviewed immediately . . . .” (Ibid.) Leave to appeal has been granted by the Supreme Court of New Jersey. (State v. Downie (1989) 114 N.J. 498 [555 A.2d 618].)
We are persuaded by all of the above that the time has come to abandon the “rule of convenience” adopted in Pritchard. As the Court of Appeal noted in People v. McDonald, supra, 206 Cal.App.3d 877, 883, Pritchard and its progeny presumed that an individual’s partition ratio is constant and can be measured by the individual. The current state of scientific knowledge with respect to partition ratios, as reflected in the proposed testimony of the defense expert here, refutes the premise on which the “rule of convenience” rests: that the “exonerating fact is peculiarly within the defendant’s knowledge.” (People v. Pritchard, supra, 162 Cal.App.3d Supp. 13, 16.)
We conclude that it is for the trier of fact to determine whether general evidence with respect to the variability of partition ratios raises a reasonable doubt as to the presumed 2,100-to-l partition ratio. Any specific evidence of *1674 a defendant’s partition ratio or range of such ratios is of course also relevant, but general evidence should not be precluded in the absence thereof.
Does the exclusion here of general evidence concerning the accuracy and variability of partition ratios dictate a reversal of the judgment? It is clear that evidence of appellant’s blood-alcohol level was offered in support of the Vehicle Code section 23152, subdivision (b) count because that section defines the proscribed act directly in terms of blood-alcohol content. Despite the limited record before us, we find that the exclusion of the general evidence denied appellant a fair trial and requires a reversal of the judgment on the Vehicle Code section 23152, subdivision (b) charge.
“A fair hearing is a requisite of due process in both civil and criminal cases; hence its denial is an act in excess of jurisdiction . . . and reversible error per se.” (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 364, p. 366.) The denial of a fair hearing is error of such a serious nature that article VI, section 13 of the California Constitution does not cure it.[2] (See 9 Witkin, op. cit. supra, at § 362, p. 364.) Where rulings on the admissibility of evidence prevent the defendant from introducing basic evidence in support of a key defense, and where the omission of the evidence is emphasized by jury instructions raising an issue as to the key defense, the exclusion of the evidence requires a reversal of the conviction. (People v. Marsh (1962) 58 Cal.2d 732, 740-741 [26 Cal.Rptr. 300, 376 P.2d 300].) The Marsh court so held in spite of substantial evidence supporting the convictions. (Id. at pp. 735, 741.)
In the present case, we think it significant that defense counsel opined that it would be a waste of the court’s time for him to put on a defense. We take that statement to mean that the entirety of appellant’s defense would have been based on general evidence with regard to the accuracy and variability of partition ratios, and appellant’s inability to establish that the 2,100-to-l partition ratio was inapplicable to him. In other words, the excluded evidence was the sole basis of appellant’s defense.
In addition, the jury was instructed that “[a]ny person who drives a vehicle with one-tenth of one percent (0.10%) of alcohol in his blood, is *1675 guilty of a misdemeanor.” The jury was further instructed: “If the evidence establishes beyond a reasonable doubt that (1) a sample of defendant’s blood, breath or urine was obtained within three hours after he operated a vehicle, and (2) that a chemical analysis of such sample established that there was 0.10 percent or more by weight of alcohol in the defendant’s blood at the time of the performance of the chemical test, then you may but are not required to infer that the defendant drove a vehicle with 0.10 percent or more by weight of alcohol in his blood at the time of the alleged oifense.” (Italics added.) These instructions correctly informed the jury that it was not required to infer that appellant drove a vehicle with a blood-alcohol level of 0.10 percent or higher. But the trial court’s ruling on the admissibility of general evidence concerning partition ratios prevented appellant from introducing the very evidence which appellant intended to rely upon to create a reasonable doubt whether he had a blood-alcohol level of 0.10 percent or more at the time of the charged offense. We conclude that the excluded evidence was basic to the defense, and the inability to put on a defense necessarily denied appellant his right to a fair trial.
It is significantly less clear that evidence of appellant’s blood-alcohol level was offered in support of the Vehicle Code section 23152, subdivision (a) count. The jury instructions given drew no connection between appellant’s blood-alcohol level and the subdivision (a) charge.[3] The record before us reveals only one reference to appellant’s blood-alcohol level relative to the subdivision (a) charge: as noted above, the People’s expert testified that in her opinion “all people are under the influence, for purposes of driving an automobile, at a blood alcohol level of 0.10%.” (Italics added.) This reference, however, was of insufficient significance to warrant a reversal of the subdivision (a) charge. This is particularly apparent because a blood-alcohol level of 0.10 percent or more is not an element of the subdivision (a) charge. Therefore, general evidence as to the accuracy and variability of partition ratios was not basic to the defense of that charge. It follows that the exclusion of that evidence did not result in the denial of a fair trial as to the *1676 subdivision (a) charge, and the theory of reversible error set forth in People v. Marsh, supra, 58 Cal.2d 732, 741, is inapplicable to the subdivision (a) count. We therefore must resort to the Watson test of probable prejudice. (See fn. 2, ante.)
It was appellant’s duty to present this court with a record of the evidence introduced at trial in order to show that error was committed in the trial court. (People v. Gonzales (1970) 4 Cal.App.3d 593, 604 [84 Cal.Rptr. 863].) Appellant has not provided this court with a record of the evidence presented at trial in support of the Vehicle Code section 23152, subdivision (a) charge. As a result, this court cannot reach the question whether it is reasonably probable a result more favorable to appellant would have been reached had the general evidence at issue been allowed to go to the jury. (People v. Watson, supra, 46 Cal.2d 818, 836.) Therefore, we must affirm the judgment as to count I of the complaint.
II.
Jury Instruction*
III.
The judgment is affirmed as to count I, reversed as to count II, and the case is remanded for resentencing in accordance with this opinion.
Roberson, Acting P. J., and Swearinger, J., concurred.

 The offer of proof is summarized in the settled statement on appeal. However, it is also set forth in full in the reporter’s transcript which has been made a part of the record on appeal. We rely on the reporter’s transcript.

 Article VI, section 13 of the California Constitution reads as follows: “No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.” Under People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243], “a ‘miscarriage of justice’ should be declared only when the court, ‘after an examination of the entire cause, including the evidence,’ is of the ‘opinion’ that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.”

 With respect to the subdivision (a) count the jury was instructed as follows: “Any person who, while under the influence of an alcoholic beverage, drives a vehicle, is guilty of a misdemeanor.” (CALJIC No. 16.830 (1981 rev.).) “A person is under the influence of an alcoholic beverage when as a result of drinking such alcoholic beverage his physical or mental abilities are impaired to such a degree that he no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances. [U] If it is established that a person is driving a vehicle under the influence of an alcoholic beverage it is no defense that there was some other cause which also tended to impair his ability to drive with the required caution.” (CALJIC No. 16.831 (1981 rev.).) “The manner in which a vehicle is being operated is not sufficient in itself to establish that the driver of the vehicle either is or is not under the influence of an alcoholic beverage, [fl] However, the manner in which the vehicle is being operated is a factor to be considered in light of all the proved surrounding circumstances in deciding whether the person operating the vehicle was or was not under the influence of an alcoholic beverage.” (CALJIC No. 16.832 (1981 rev.).)

 See footnote, ante, page Supp. 7.