Filed 4/4/13  P. v. Cerros CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B237693 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. VA117226) |
| MARTIN FERNANDO CERROS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Philip H. Hickok, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Lance E. Winters, Assistant Attorneys General, Paul M. Roadarmel, Jr. and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Martin Cerros appeals from the judgment entered following a jury trial in which he was convicted of 19 counts of sexual abuse of a child under 14 years of age. He contends no evidence supported the finding that he was at least seven years older than the child, the trial court erred in not instructing the jury that it was required to reach unanimous decisions on which instances of abuse supported the guilt finding on each count, and his sentence of 255 years to life was excessive. We affirm.

## BACKGROUND

Elizabeth L. was born in October 1996. In 2002 or 2003, defendant Martin Cerros began a relationship with Elizabeth's mother, Rocio M. Defendant rented a one-room home when Elizabeth was 12 years old, and she stayed with him even though Rocio M. for the most part did not. Elizabeth considered defendant to be her stepfather. Defendant fathered two daughters with Rocio M., in 2003 and 2004. They also lived with him.

When Elizabeth was 11 years old, defendant began to touch her vagina, buttocks and breasts, and doing so almost every day. When she would say no and try to push him away, he would become angry and push her back.

After Elizabeth was 12, defendant continued to fondle her breasts and buttocks and began to penetrate her vagina with his fingers. He did this four or five times per week.

When Elizabeth was 13, defendant continued to fondle her breasts and buttocks and digitally penetrate her vagina. He also put his mouth on her vagina once and began to penetrate her vagina with his penis, which he did six or seven times per week for approximately one year. Elizabeth would cry and tell him to stop, but he would hold her down and push and kick her.

Elizabeth eventually reported the abuse to an aunt and her mother. When confronted, by Rocio, defendant admitted the molestation and told Rocio he would move to Mexico. Instead, he was arrested, and in a police interview admitted to regular intimate touching and sexual intercourse with Elizabeth over the past five or six years.

Defendant was charged with committing continuous sexual abuse of a child under the age of 14 years (Pen. Code, § 288.5, subd. (a); count 1);[1] committing a forcible lewd act upon a child (§ 288, subd. (b)(1); count 2); three counts of aggravated sexual assault of a child by sexual penetration (§ 269, subd. (a)(5); counts 3-5); aggravated sexual assault of a child by oral copulation (§ 269, subd. (a)(4); count 6); and 13 counts of aggravated sexual assault of a child by rape (§ 269, subd. (a)(1); counts 7-19).  Defendant pleaded not guilty.  Trial was by jury, and defendant was convicted on all counts.

The trial court sentenced defendant to the high term of 16 years on count 1 plus consecutive term of 8 years (the high term) on count 2 and 17 terms of 15 years to life for counts 3 through 19, for an aggregate sentence of 255 years to life.

Defendant appeals the judgment of conviction and sentence.

## DISCUSSION

### A.      Sufficiency of Evidence for Counts 3 - 19

Defendant was convicted on counts 3 through 19 of violating section 269, which proscribes sexual assault of a child under 14 years of age who is also "seven or more years younger than" the assailant.  (§ 269, subd. (a).)  Defendant does not dispute that the evidence at trial established Elizabeth was under 14 years of age at all pertinent times. Instead, he contends no "testimonial or documentary evidence" was introduced that he was seven or more years older than she was.

"'When the sufficiency of the evidence is challenged on appeal, the court must review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.' [Citations.]" (*People v. Jennings* (1991) 53 Cal.3d 334, 364.)  "When undertaking such review, our opinion that the evidence could reasonably be reconciled with a finding of innocence or a lesser degree of crime does not warrant a reversal of the judgment." (*People v. Hill* (1998) 17 Cal.4th 800, 849.)

---

[1] Undesignated statutory references are to the Penal Code.

According to the probation report, defendant was born in 1970, making him 26 years older than Elizabeth, 41 years old at the time of trial. But neither the probation report nor any other document stating defendant's age was shown to the jury, and no witness testified and no stipulation was entered as to his age. Defendant is therefore correct that no testimonial or documentary evidence directly stated his age.

But testimony and documentation are not the only means by which a defendant's age may be established: a view of the defendant by the trier of fact may in an appropriate case be sufficient to support a finding that he is within a certain age range. (See *People v. Montalvo* (1971) 4 Cal.3d 328, 335.) "'Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. . . .' [Citations.]" (*Ibid*; *People v. Castaneda* (1994) 31 Cal.App.4th 197, 203-204 ["In all jurisdictions, the defendant's presence, subject to the jury's view is relevant, circumstantial evidence of age"].)

Here, defendant was present in court and visible to the jury during trial. The prosecutor noted that he appeared to be "middle aged," and defense counsel argued that he was a "grown man" in appearance. Furthermore, there was testimony that he had fathered children with Elizabeth's mother in 2002 and 2003 and that he rented a one-room home when Elizabeth was 12 years old. And an audio recording of defendant's interview with police was played for the jury, in which he stated he began working at a record store in 1999, when Elizabeth was three years old.

The guilty verdict reflects the jury's conclusion that defendant was seven or more years older than Elizabeth. This apparent age differential was corroborated by other testimony. Although the evidence was not conclusive by itself, the jury could reasonably infer the requisite age differential existed.

4

## B. Unanimity Instruction

Defendant contends the trial court erred in failing sua sponte to give the jury a unanimity instruction such as CALJIC No. 17.01.[2]  We disagree.

In *People v. Russo* (2001) 25 Cal.4th 1124, our Supreme Court said, "In a criminal case, a jury verdict must be unanimous.  [Citations.]  . . . .  Additionally, the jury must agree unanimously the defendant is guilty of a specific crime.  [Citation.]  Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act.  [Citations.]  [¶]  This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.'  [Citation.]  For example, in *People v. Diedrich* [(1982)] 31 Cal.3d 263, the defendant was convicted of a single count of bribery, but the evidence showed two discrete bribes.  We found the absence of a unanimity instruction reversible error because without it, some of the jurors may have believed the defendant guilty of one of the acts of bribery while other jurors

---

[2] Unanimity instructions are set forth in CALJIC Nos. 4.71.5 and 17.01.  CALJIC No. 4.71.5 provides:  "Defendant is accused [in Count[s] ___] of having committed the crime of _____, a violation of section _____ of the Penal Code, on or about a period of time between _____ and _____.  [¶]  In order to find the defendant guilty, it is necessary for the prosecution to prove beyond a reasonable doubt the commission of [a specific act [or acts] constituting that crime] [all of the acts described by the alleged victim] within the period alleged.  [¶]  And, in order to find the defendant guilty, you must unanimously agree upon the commission of [the same specific act [or acts] constituting the crime] [all of the acts described by the alleged victim] within the period alleged.  [¶]  It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."
CALJIC No. 17.01 provides:  "The defendant is accused of having committed the crime of _____ [in Count ___].  The prosecution has introduced evidence for the purpose of showing that there is more than one [act] [or] [omission] upon which a conviction [on Count _____ ] may be based.  Defendant may be found guilty if the proof shows beyond a reasonable doubt that [he] [she] committed any one or more of the [acts] [or] [omissions].  However, in order to return a verdict of guilty [to Count _____ ], all jurors must agree that [he] [she] committed the same [act] [or] [omission] [or] [acts] [or] [omissions].  It is not necessary that the particular [act] [or] [omission] agreed upon be stated in your verdict."

5

believed him guilty of the other, resulting in no unanimous verdict that he was guilty of any specific bribe.  [Citation.]  'The [unanimity] instruction is designed in part to prevent the jury from amalgamating evidence of multiple offenses, no one of which has been proved beyond a reasonable doubt, in order to conclude beyond a reasonable doubt that a defendant must have done *something* sufficient to convict on one count.'  [Citation.]"  (*People v. Russo*, *supra*, 25 Cal.4th at p. 1132.)

Failure to give a unanimity instruction is error when "there is evidence based on which reasonable jurors could disagree as to which act the defendant committed.  If there is such evidence, the failure to give [a unanimity instruction] will most often, though not necessarily, be prejudicial."  (*People v. Schultz* (1987) 192 Cal.App.3d 535, 539-540, fn. omitted.)

But a unanimity instruction is not required in all cases where the evidence shows that more than one act could suffice for a conviction of a particular offense.  "'"A unanimity instruction is required only if the jurors could otherwise disagree which act a defendant committed and yet convict him of the crime charged."  [Citations.]  "Where the acts were substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place, the instruction is not necessary to the jury's understanding of the case."'  [Citations.]"  (*People v. Champion* (1995) 9 Cal.4th 879, 932 [court did not err in not giving unanimity instruction on single charge of rape supported by two acts of penetration when the evidence supporting the acts was "virtually identical" and theory of defense was that defendant had not participated in any of the acts].)  "[T]he possibility of disagreement exists where the defendant is accused of a number of unrelated incidents, such as alleged rapes at different times or places, leaving the jurors free to believe different parts of the testimony and yet convict the defendant.  [Citations.]"  "Disagreement may also exist where the defendant offers a defense which could be accepted or rejected as to some but not all of the acts.  In this situation, the jurors again may disagree as to which act the defendant was guilty of and yet convict him.  [Citations.]  [¶]  If under the evidence presented such disagreement is not reasonably possible, the instruction is unnecessary."  (*People v. Gonzalez* (1983) 141

6

Cal.App.3d 786, 791-792, fns. omitted [failure to give CALJIC No. 17.01 not error when record showed that two acts of penetration involved the same victim, occurred at the same location within minutes of each other, and the defense argument that victim had consented to one of the rapes was not supported by the evidence]; see also *People v. Mota* (1981) 115 Cal.App.3d 227, 233 [prosecutor not required to elect three specific acts supporting the three rape charges when victim testified to "many continuous acts of forced sexual intercourse"]; but see *People v. Madden* (1981) 116 Cal.App.3d 212, 218-219 [prejudicial error for court to fail to give unanimity instruction when number of sex acts exceeded number of sex offenses charged and the record did not demonstrate that the jury had unanimously agreed on the acts].)

Similarly, "[t]he unanimity instruction is not required when the acts alleged are so closely connected as to form part of one transaction. [Citations.] The 'continuous conduct' rule applies when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them. [Citation.]" (*People v. Stankewitz* (1990) 51 Cal.3d 72, 100.)

**Count 1**

Defendant was convicted on count 1 of committing continuous sexual abuse of a child under the age of 14 years. (§ 288.5, subd. (a).) Subdivision (b) of section 288.5 states that "To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number." Because a jury need not unanimously agree which act constituted the sexual abuse, no unanimity instruction would be proper.

**Count 6**

Defendant was convicted on count 6 of aggravated sexual assault of a child by oral copulation. (§ 269, subd. (a)(4).) Elizabeth testified defendant orally copulated her one time. Because the evidence showed only one criminal act, no unanimity instruction was required. (*People v. Benavides* (2005) 35 Cal.4th 69, 101 [when the evidence "shows only a single discrete crime but leaves room for disagreement as to exactly how that

7

crime was committed, the jury need not unanimously agree on the theory under which the defendant is guilty"].)

**Counts 2-5 and 7-19**

In the remaining counts, defendant was charged with committing a forcible lewd act upon a child (§ 288, subd. (b)(1); count 2); aggravated sexual assault of a child by sexual penetration (§ 269, subd. (a)(5); counts 3-5), and aggravated sexual assault of a child by rape (§ 269, subd. (a)(1); counts 7-19).

As to each of these crimes, the undisputed testimony was that defendant committed countless forcible lewd acts upon Elizabeth, and sexually penetrated her and raped her countless times. Elizabeth testified defendant touched her vagina, buttocks and breasts every day for approximately three years beginning when she was 11 years old. When she was 12, defendant began to penetrate her vagina with his fingers, doing so four or five times per week for approximately two years. When Elizabeth turned 13, defendant began to penetrate her vagina with his penis. He did this six or seven times per week for approximately one year.

Defendant offered essentially the same defense to each of these acts, and there was no reasonable basis for the jury to distinguish between them. In such a circumstance, no unanimity instruction is required. (*People v. Stankewitz*, *supra*, 51 Cal.3d at p. 100.)

**C.     Cruel and Unusual Punishment**

Defendant contends his 255-years-to-life sentence violates both the federal and state prohibition against cruel and/or unusual punishment because it is "grossly disproportionate" to his crime. We disagree.

Article I, section 17 of the California Constitution prohibits cruel or unusual punishment. (Cal. Const., art. I, § 17.) "'Punishment is cruel and unusual if it is so disproportionate to the crime committed that it shocks the conscience and offends fundamental notions of human dignity.' [Citation.]" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 568.) To determine whether a sentence is cruel or unusual, we consider the circumstances of the offense and the defendant's age, prior criminality, and mental capability. (*People v. Cole* (2004) 33 Cal.4th 1158, 1235.) The state must punish

8

criminals while maintaining respect for their human worth. (*In re Lynch* (1972) 8 Cal.3d 410, 424.) "Punishment which is so excessive as to transgress [the limits of civilized standards] and deny that worth cannot be tolerated." (*Ibid.*) Because we judge the constitutional validity of an indeterminate prison term by the maximum term provided, we consider the proportionality of a life sentence. (*Id.* at p. 416.)

"'Whether a punishment is cruel or unusual is a question of law for the appellate court, but the underlying disputed facts must be viewed in the light most favorable to the judgment.' [Citation.]" (*People v. Em* (2009) 171 Cal.App.4th 964, 971.) Only in very rare cases could we declare the length of imprisonment mandated by the Legislature to be unconstitutionally excessive. (*People v. Martinez* (1999) 76 Cal.App.4th 489, 494.)

Defendant's sentence is not disproportionate to the crimes committed. "California has recognized, and reasonably so, that sex offenders present a serious danger to society because of their tendency to repeat their sexual offenses. Sexual offenses not only invade the deepest privacies of a human being, and thereby may cause permanent emotional scarring, but they frequently result in serious physical harm to, or death of, the victim." (*People v. Meeks* (2004) 123 Cal.App.4th 695, 709.) Section 288.5, subdivision (a), prescribes a maximum sentence of 16 years for continuous sexual abuse of a child. Section 288, subdivision (a), mandates a maximum sentence of eight years for the commission of a lewd or lascivious act upon the body of a child under the age of 14 years. Section 269, subdivisions (b) and (c), prescribe a separate, consecutive prison term of 15 years to life on each count on which an offender is convicted of aggravated sexual assault of a child where the separate offenses involved the same victim on separate occasions. Thus, for the 19 offenses as defendant committed them, the Penal Code mandates a maximum sentence of 255 years to life.

To demonstrate that the legislatively mandated sentence is cruel or unusual within the meaning of the California Constitution, defendant must meet the three-prong test of *In re Lynch*, *supra*, 8 Cal.3d at pp. 425-427. Under that test, the court first looks at the nature of the crime and evaluates the degree of danger the offender presents to society. Second, the court compares the sentence at issue with sentences imposed for more serious

crimes in California. Third, the court compares punishments for more serious crimes in other jurisdictions.

Defendant makes little attempt to address, much less satisfy, the *Lynch* test. He adduces no mitigating factors and offers no comparison between California's legislative scheme and that prescribed in other states. His sole argument is that the sentence for multiple sex abuse crimes is disproportionate because he would have received a lesser sentence for murder. We reject the comparison.

"When the fundamental nature of the offense and the offender differ, comparison for proportionality is not possible. The seriousness of the threat a particular offense poses to society is not solely dependent on whether it involves physical injury. Consequently, the commission of a single act of murder, while heinous and severely punished, cannot be compared with the commission of multiple felonies." (*People v. Cooper* (1996) 43 Cal.App.4th 815, 826.)

Our own analysis confirms what defendant tacitly admits—he cannot meet even the first prong of the *Lynch* test. Defendant molested and raped Elizabeth, who was in his care, several times per week for many years. Nothing in the record suggests he would have stopped had he not been confronted by Rocio. When confronted, he offered to solve the problem by moving to Mexico, which suggests he failed to grasp the nature and consequences of his conduct. The continuous molestation of a young child is a very serious crime, involving severe psychological harm to the victim even when no physical harm is inflicted. The psychological aberration evidenced by defendant's behavior and the casual and opportunistic nature of his sexual assaults against a child in his care seem to us precisely the sort of sexual offense that warrants harsh punishment. (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 199-200.) In any event, having failed to satisfy any prong of the *Lynch* test, or even to address the first and third prongs, defendant's state claim fails.

With respect to defendant's federal claim, the United States Supreme Court has upheld sentences of 25 years-to-life for one count of felonious grand theft with several felony and misdemeanor prior convictions, and 50-years-to-life for two counts of petty

10

theft with prior theft convictions with a similar prior record, against claims that the sentences constituted cruel and unusual punishment. (*Ewing v. California* (2003) 538 U.S. 11, 14; *Lockyer v. Andrade* (2003) 538 U.S. 63, 70-77; see also *Rummel v. Estelle* (1980) 445 U.S. 263, 266, 285 [life sentence after three separate convictions for theft of $80, $28.36 and $120.75 does not constitute cruel and unusual punishment].)

Defendant's crimes were significantly more serious than those committed by the defendants in *Ewing* and *Andrade*. Thus, we reject his claim that his sentence constitutes cruel and unusual punishment under the federal Constitution.[3]

On this record, defendant's sentence does not shock the conscience or offend fundamental notions of human dignity. It therefore violates neither the California nor federal Constitution.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

---

[3] Because we reject defendant's contention on the merits, we decline to address the Attorney General's argument that defendant waived the constitutional issues by not raising them below.